IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARIO CASTILLO,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | : | CIVIL ACTION NO.<br>1:25-CV-1744-LMM<br><br>CRIMINAL ACTION NO.<br>1:19-CR-0076-LMM-8 |

**ORDER**

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), Dkt. No. [1430], in which the Magistrate Judge recommends that Movant Mario Castillo's 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, Dkt. No. [1377], be denied. Movant has filed his objections to the R&R, Dkt. No. [1432].

**I. Background and Legal Standard**

An investigation by the Drug Enforcement Administration, which involved the seizure of "more than a hundred kilograms of methamphetamine, as well as kilogram quantities of heroin and fentanyl," showed that "beginning by at least December 2018 and continuing through February 2019, [Movant] helped

facilitate the distribution and sale of methamphetamine, heroin, fentanyl and marijuana[.]" Dkt. No. [1393] at 13. On December 21, 2018, a search uncovered "a make-shift structure covered in tarps containing approximately two kilograms of methamphetamine, 2254 pills containing fentanyl, 332 grams of heroin, some marijuana, and a model D.T.I. 15 firearm." Id. Movant "was found . . . during the execution of the search warrant" with "a keltec nine-millimeter luger pistol in his waistband. Three firearms, in addition to the D.T.I. 15 and keltec luger, were found during the search." Id. at 14. Along with nineteen co-defendants, on August 26, 2019, Movant was charged in a 35-count second superseding indictment, and on September 25, 2019, he pled guilty to Count One, conspiracy to possess multiple drugs with intent to distribute in violation of 21 U.S.C. § 846, and Count Sixteen, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. Nos. [393], [528]. On February 12, 2020, Movant was sentenced to 120 months of imprisonment for Count One and 60 months of imprisonment for Count Sixteen, to run consecutively. Dkt. No. [686]. He did not file a direct appeal.

Movant filed a handwritten and untitled *pro se* letter dated January 21, 2025, asking the Court to resentence him. Dkt. No. [1377]. This Court issued an Order notifying Movant that, absent a timely filed objection, the motion would be construed as a § 2255 motion. Dkt. No. [1378]. Movant did not respond to the Order, and his motion was therefore considered as one under § 2255. See Dkt. No. [1383]. Movant sought resentencing because he believes the consecutive

sentence for Count Sixteen should have been a concurrent sentence. Dkt. No. [1377]. In the R&R, the Magistrate Judge found that the motion to vacate is barred by the one-year statute of limitations and no basis for equitable tolling has been established. Dkt. [1430] at 4-6.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

**II. Discussion**

In his objections, Movant argues that his motion is timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the one-year statute of limitations runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Dkt. No. [1432] at 1. Movant contends that he recently discovered "the proper application of a 924(a) charge versus the mere presence of a firearm which could even border the protection of the 2nd Amendment." Id. at 2. Movant vaguely asserts that he learned "the facts and particulars" in "June-July 2025." Id. at 1. But he does not

allege that the facts are "new" or explain what prevented him from learning these "facts and particulars" earlier.

Under, § 2255(f)(4) the limitations period "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." Aron v. United States, 291 F.3d 701, 711 (11th Cir. 2002) (emphasis in original). See also Johnson v. United States, 544 U.S. 295, 310-11 (2005) (stating that a movant must act with "reasonable promptness" and that the movant was not diligent where he "delayed unreasonably"); Tucker v. United States, 249 F. App'x 763, 764 (11th Cir. 2007) ("If the court finds that a petitioner was not diligent in his efforts, it must proceed to consider when the petitioner could have discovered the facts essential to his claim had he been acting diligently.") (citing Aron, 291 F.3d at 711, n.1). Movant has made no showing that he exercised diligence here. In fact, other than a conclusory claim that he acted diligently, Movant does not explain what, if any, efforts he made during the limitation period. He repeats his vague assertion that he has "acquired a better understanding of the English language and the legal documents pertinent in this case." Id. at 2. But this does not establish that he made reasonable efforts with "reasonable promptness." Johnson, 544 U.S. at 310-11. Accordingly, the Magistrate Judge is correct that the motion to vacate is barred by the statute of limitations.

**III. Conclusion**

For the foregoing reasons, Movant's objections, Dkt. No. [1432], are **OVERRULED** and the R&R, Dkt. No. [1430], is **ADOPTED** as the order of the Court. The pending 28 U.S.C. § 2255 motion to vacate, Dkt. No. [1377], is **DENIED**.

The Court further agrees Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close Civil Action Number 1:25-CV-1744-LMM.

**IT IS SO ORDERED** this 8th day of September, 2026.

**Leigh Martin May**
**Chief United States District Judge**